## 10649.

### AMERICAN FRUIT GROWERS, INC., v. KING *ET AL.*
(107 S. E. 924)

PLEADING-COURT, IN OVERRULING DEMURRER TO COMPLAINT, DID NOT ERR IN ALLOWING PLAINTIFF TO AMEND, IN ABSENCE OF PLAINTIFF'S MOTION THEREFOR.—The Court, in overruling demurrer to complaint, did not err in incorporating in his order, in the absence of a motion by plaintiff therefor, a provision allowing plaintiff to amend complaint, so as to more fully set forth what was intended to be expressed by the use of a certain word, without prejudice to the defendant to demur again to amended complaint.

Before MOORE, J., Charleston.   Appeal dismissed.

Action by American Fruit Growers, Inc., against S. B. King, individually and as Executor, etc., and others. From an order overruling demurrer to the complaint by S. B. King and allowing plaintiff leave to amend, the defendant King appeals.

*Messrs. Logan & Grace and John I. Cosgrove,* for appellant, cite: *Action ex delicto will lie even though act complained of would also be ground for an action ex contractu:* 26 R. C. L., 758. *But there must be privity of contract between defendant and party injured:* 26 R. C. L., 768; 12 Rich. L., 101; 9 S. C., 325. *King's responsibility ended at the wharf, where delivery was made to connecting carrier:* 62 S. C., 414. *No joint tort:* 15 Enc. Pl. & Pr., 562. *Complaint must show concurrence to hold defendants as joint tort-feasors:* Pom. Code Rem.

(4th Ed.) Sec. 208, 209; 65 Pac. 1055 (Ore.); 26 R. C. L. 766; Enc. Pl. & Pr., 562; 38 Cyc., 483-9; Sutherland Damages, Vol. 1, Secs. 137, 140; 26 S. C., 480; 108 S. C., 146; 108 S. C., 171; 111 S. C., 394.

*Mr. Augustine T. Smythe,* for respondent, cites: *Kings were bailees and as such responsible to owner of goods for loss:* 10 C. Jur. 38; 4 R. C. L., 940. *Objection to mis-joinder of parties cannot be taken by demurrer:* Sec. 194, Code Proc 1912; 3 S. E., 473; 60 S. E., 971. *Judge could permit amendment to complaint after overruling demurrer:* 25 S. E., 60. *Even though such amendment allowed plaintiff to change his cause of action:* 9 S. E., 684; 47 S. E., 711; 61 S. E., 396; 62 S. E., 1113; 66 S. E., 286; 67 S. C., 295; 74 S. E., 41.

June 30, 1921.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an appeal from an order that a demurrer to the complaint herein be overruled; also "that the plaintiff have leave to amend his complaint, if so minded, so as to more fully set forth what was intended to be said and expressed by the words 'delivered,' in paragraph seventh of his complaint, without prejudice to the defendant, to demur again to said amended complaint, if so minded."

The first exception that will be considered, is as follows:

"The presiding Judge erred, it is respectfully submitted, in incorporating in his order herein a provision allowing the plaintiff to amend his complaint, in the absence of a motion from plaintiff so to amend, and by so permitting said amendment to allow plaintiff completely to change the statement of his cause of action, and insert in lieu of that alleged in the complaint a new and different one."

The authorities cited in the argument of the respondent's attorney show that this exception must be overruled.

Having reached this conclusion, the exceptions assigning error in overruling the demurrer to the complaint will not be considered, as the questions presented by them are now speculative.

·Appeal dismissed.